## MRS. IRA SMITH, Testamentary Executrix, *v.* JOHN BUHLER.

A right of way for a railroad was granted by the owner of land on the Mississippi to a proprietor in the rear, and an acre of ground leased for a depot, etc. Subsequently, by order of the proper parochial authorities, a new levee was constructed, and the greater portion of the land for the depot was thrown outside of the levee, and consequently the public road, and so rendered useless for the purposes for which it was leased. Suit was brought to compel a surrender of an additional piece of land, to be used for a depot in lieu of that rendered useless. *By the Court:* The contract in question is not so much a lease as the creation of a servitude, or right of way from plaintiff's plan-tation to the river's bank for a term of years—a predial servitude in favor of plaintiff's estate, and due by defendant's estate. This right of way is of a particular character—a railroad, an in-dispensable part of which is a depot at the landing. The dimensions of the depot are precisely defined by the contract, and the lessee has the right to a depot of that size to the expiration of the term, fronting on the public road, and running back from that road for quantity.

The caving of the bank of the river, and hence the necessity for a new levee, etc., might have been foreseen (as shown by the evidence) and the parties must be supposed to have contracted with re-ference to such a contingency.

C. C., 1950, 1952.

APPEAL from the District Court, Sixth District, Parish of West Baton Rouge, *Robertson*, J. *Edwards & Barrow*, for plaintiff. *T. G. & P. H. Morgan*, for defendant and appellant.

BUCHANAN, J.[*] The plaintiff's testator and the defendant owned adjoining plantations: that of defendant fronting on the Mississippi river, and that of

---

[*] LEA, J., took no part in this decision.

SMITH
*v.*
BUHLER.

plaintiff's testator in the rear of defendant's. Under these circumstances, the parties made a contract on the 10th May, 1850, of the following tenor:

"Be it remembered, that on the day and date hereof, *John Buhler*, of the State and parish aforesaid, has given and granted, and by these presents doth give and grant, unto *Dr. Ira Smith*, of the parish of West Feliciana, his heirs and assigns, a right of way for a railroad, to be made from the land of said *Smith*, in the rear of the plantation of said *Buhler*, to the Mississippi river. Said road to be made entirely on the land of said *Buhler*, and as near the line of *Conrad* and *Chinn*, etc.

"And be it further remembered, that the said *John Buhler* has this day leased unto the said *Smith*, his heirs and assigns, for the term of twenty years, one superficial acre of land, fronting half an acre on the public road, and running back two acres in depth on the line of the railroad, on the terms and conditions following, viz: The said lot of ground shall not be used by said *Smith*, his heirs and assigns, for any other purpose than as a depot for the storage and sale of wood and lumber; that the said *Smith*, his heirs and assigns, shall establish thereon no nuisance to the detriment of said *Buhler*, his heirs and assigns, and that in consideration of said lease, the said *Smith*, his heirs and assigns, shall pay to *John Buhler*, his heirs and assigns, the sum of fifty dollars, annually, so long as said lot of ground shall be used for such purpose by said *Smith*. It is also understood, that said *Buhler* shall have the use of said lot of ground for the facilities of transportation, provided that said use shall not cause any inconvenience to said *Smith*."

The railroad was made, and the depot inclosed and used by the lessee, in accordance with this contract, until January, 1854, when the Inspector of Roads and Levees for that district of the parish of West Baton Rouge, assisted by three inhabitants and landholders, after a survey, as required by law, ordered a new levee to be made on defendant's land, adjoining that of *Conrad* and *Chinn*, considerably inside of the levee existing in 1850, by means whereof the greater portion of the land leased, as aforesaid, to plaintiff's testator for a depot was thrown outside of the levee, and consequently outside of the public road, which, according to law and usage, runs along the front of riparian estates on the Mississippi river, inside of and adjacent to the levee.

The object of the present action is to compel the defendant to set off to plaintiff, for a depot, an equal extent of ground to that originally set off under the lease, (and which has been curtailed by the making of the new levee,) by enclosing a portion of ground, one-half acre in width, on the line of the railroad to the depth of two acres from the new road, and fronting upon the same. The defendant pleads, in substance, that he leased to plaintiff's testator a specific portion of ground, and is not bound to make good any deficiency that may have been subsequently caused in the quantity of the same by the caving in of the river bank in front.

To this it is replied in argument, and we think correctly, that the contract in question is not so much a lease as the creation of a servitude, or right of way from plaintiff's plantation to the river bank for a term of years—a predial servitude in favor of plaintiff's estate, and due by defendant's estate. This right of way is of a particular character—a railroad, an indispensable part of which is a depot at the landing. The dimensions of the depot are precisely defined by the contract, and the lessee has the right to a depot of that size to the expiration of the term, fronting on the public road, and running back from

that road for quantity. The change of the bank by caving in was a thing which might have been foreseen, according to the evidence, and the parties must be supposed to have contracted with reference to such a contingency. C. C., 1950, 1952.

We have not found any error to the prejudice of the appellant in the bills of exception to the evidence and to the charge of the court.

The defendant objects that he has not been put in default. But this point is immaterial, inasmuch as the jury have not awarded any damages, and the appellee does not ask that the judgment be amended in this respect.

Judgment affirmed, with costs.